STATE OF NORTH CAROLINA v. GRETTA VALORIE GORDON

No. 7528SC184

(Filed 18 June 1975)

1. Criminal Law § 93— order of proof
    The order of proof is in the discretion of the trial judge.

2. Kidnapping § 1— carrying away — victim taken from expressway to apartment
    The State's evidence showed a sufficient carrying away to support a conviction for kidnapping where it tended to show that the victim was assaulted on a ramp leading onto an expressway and knocked unconscious, and that he was then carried to an apartment where he was assaulted and robbed.

APPEAL by defendant from *Martin (Harry C.), Judge.* Judgments entered 12 November 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 7 May 1975.

Defendant was charged in two bills of indictment, each of which is proper in form. In case 74CR18069 she was charged with the felony of kidnapping. In case 74CR18070 she was charged with the felony of armed robbery.

The State's evidence tended to show the following: On 10 August 1974 at approximately 1:30 a.m. Carroll Messer was driving west on Patton Avenue in Asheville, approaching the expressway. As Messer turned down the ramp to the expressway, "he saw a stout black woman step out in front of his car waving her arms." Messer identified the defendant as the stout

black woman. Messer stopped his car and rolled down his window. As she did not approach the car, Messer placed his tranmission in "park" and stepped out of his car. He was immediately struck from behind by someone and was rendered unconscious. When he regained consciousness, his eyes were taped closed, his hands were tied behind him, and he was being carried by someone up the stairs at Hillcrest Apartments. Messer was carried into an apartment where $85.00 in cash, two payroll checks for approximately $85.00 each, a 23-jewel Bulova watch, and a Zippo cigarette lighter were taken from his person. Messer heard the voices of two women and a man. The voice of one of the women was that of defendant. While in the apartment, the legs of his trousers were cut off and lighted cigarettes were applied to his lips, his back, and his penis. The two women and the man laughed and joked. Messer was also cut on his chest and hip. The cut on the hip required forty-nine stitches. At about 5:30 a.m. Messer was carried out of the apartment with his eyes taped and hands tied. As they reached the foot of the stairs, a car drove by, and Messer was shoved down behind a wall. While down beside the wall, he was able to remove the tape from his eyes. He saw defendant standing about five feet from him. There were three persons present, but defendant is the only one he saw. Messer escaped by running through the Hillcrest Apartment project to a street where he flagged a motorist. The police were called, and Messer was taken to the hospital.

Defendant's evidence tended to show the following: Defendant lived at Hillcrest Apartments. She never saw Messer until after she was arrested. Messer was never in her apartment. She did not leave her apartment during the night in question.

The cases were submitted to the jury on charges of kidnapping and common law robbery. The jury returned verdicts of guilty of kidnapping and common law robbery.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Robert L. Harrell, Assistant Public Defender, for the defendant.*

BROCK, Chief Judge.

[1]  Defendant argues that it was error to allow the prosecuting witness to testify about the acts of violence without first

fully establishing the identity of the perpetrator. This argument is feckless. Before describing what took place, the prosecuting witness identified defendant as the person who flagged him down. In any event the order of proof is in the discretion of the trial judge. *State v. Franks,* 262 N.C. 94, 136 S.E. 2d 623 (1964). No abuse of discretion has been shown.

[2] Defendant next argues that the evidence does not support a conviction of kidnapping. He cites *State v. Knight,* 248 N.C. 384, 103 S.E. 2d 452 (1958). In *Knight* the defendant dragged his victim into the woods for the purpose of blotting out the evidence of the homicide. In this case defendant carried the victim to the apartment for the purpose of committing the offenses of robbery and assault. Defendant also relies on *State v. Roberts,* 286 N.C. 265, 210 S.E. 2d 396 (1974). In *Roberts* it was held that where the victim was pulled a distance of only eighty to ninety feet, the requirement of "carrying away" was not satisfied so as to support a conviction of kidnapping. In the present case the distance the victim was carried was not shown, but there is no contention that the victim was not carried away from the immediate vicinity of the ramp from Patton Avenue to the expressway where the original assault upon him was committed. This assignment of error is overruled.

Defendant argues that the charge of common law robbery should have been dismissed. The evidence is sufficient to show that defendant was present and aiding and abetting in the robbery of the victim. This assignment of error is overruled.

No error.

Judges MORRIS and HEDRICK concur.